**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2168-23

STATE OF NEW JERSEY,

    Plaintiff- Respondent,

v.

ZENG L. CHEN,
a/k/a ZENG B. CHEN,

    Defendant-Appellant.

_____

Submitted September 16, 2025 – Decided October 1, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 10-10-1964.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Shiraz Deen, Special Deputy Attorney General, on the brief).

PER CURIAM

Defendant Zeng Chen appeals the January 16, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  In 2015, he was convicted by a jury on two counts of felony murder, a single count of knowing/purposeful murder, armed robbery, burglary, and possession of a knife for an unlawful purpose, and was sentenced to life imprisonment.  The crimes were committed in June 2010.  On direct appeal, we affirmed the convictions and sentence, State v. Chen, No. A-4929-14 (App. Div. Apr. 12, 2018), and the New Jersey Supreme Court denied certification.  State v. Chen, 235 N.J. 449 (2018).

Defendant contends in his PCR petition that his trial counsel rendered ineffective assistance by failing to move to dismiss the charges based on the four-and-a-half-year delay between his arrest and trial.  This matter returns to us after we remanded for the PCR court to make specific factual and legal findings concerning defendant's claim that the delay violated his constitutional right to a speedy trial.  We are constrained to remand again for the PCR court to complete the task we assigned so that we can finally and definitively resolve defendant's speedy trial and ineffective assistance of counsel contentions.

We presume the parties are familiar with the relevant facts and procedural history, which are thoroughly recounted in our direct appeal opinion and in our

initial PCR opinion, State v. Chen, No. A-2050-20 (App. Div. Feb. 1, 2022).  In our PCR opinion, we vacated and remanded for the PCR court to make specific findings of fact and law applying the Barker[1] test for speedy trial violations, adopted by the New Jersey Supreme Court in State v. Szima, 70 N.J. 196, 200-01 (1976), and the Strickland/Fritz[2] two-pronged test for ineffective assistance of counsel claims.  We explained:

> It appears that much of the delay in this case was attributable to 1) defendant's severance motion to be tried separately from his co-defendant; 2) pretrial motions to dismiss the indictment and suppress defendant's statement; 3) reassignment of the matter to four different trial judges; and 4) the serious nature of the charges, which required experts in forensic DNA analysis and biological stain identification.  However, the PCR judge did not make specific findings with respect to the four factors set forth in Barker, but instead relied on the procedural bar established by Rule 3:22-4.  In light of our general policy against entertaining ineffective assistance of counsel claims on direct appeal, State v. Preciose, 129 N.J. 451, 459-60 (1992), and our preference for hearing such claims in post-conviction proceedings, ibid., we find it necessary to vacate the order under review and remand this matter to the Law Division to undertake the fact-sensitive analysis required by Barker.
>
> [Chen (App. Div. Feb. 1, 2022), slip op. at 3-4.]

---

[1] Barker v. Wingo, 407 U.S. 514, 515 (1972)

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)

3

Further, we specifically instructed the PCR court on remand:

> to (1) catalog and compartmentalize all of the discrete periods of delay; (2) determine and evaluate the specific reasons for delay; and (3) as to delay attributed to the State, determine whether the delay was the product of the case's complexity or other legitimate justification, or else was the product of purposeful delay tactics or mere inaction. The Law Division should apply the Barker factors in context of the two-pronged Strickland test for PCR.
>
> [Id. at 20.]

Following remand, the PCR court accepted supplemental briefing and convened oral argument. On January 16, 2024, the PCR court issued an order denying defendant's PCR petition without an evidentiary hearing. In its thirteen-page written decision, the PCR court found that the delay was attributable to several motions filed by defendant and his then co-defendant. However, the court did not catalog the delay periods, acknowledge any dates, or attribute the specific delay periods to the prosecution, the defense, or the court.

This latest appeal followed. Defendant raises the following contention for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO MOVE FOR DISMISSAL OF THE INDICTMENT ON SPEEDY TRIAL GROUNDS; IN

4

THE ALTERNATIVE, THIS MATTER MUST BE REMANDED BECAUSE THE PCR COURT FAILED TO COMPLY WITH THE APPELLATE DIVISION'S DIRECTIVE FOR A SPECIFIC ANALYSIS OF THE BARKER FACTORS.

We agree with defendant that the PCR court did not fully comply with our explicit instructions. See Tomaino v. Burman, 364 N.J. Super. 224, 232 (App. Div. 2003) ("It is beyond dispute that a trial judge has the responsibility to comply with pronouncements of an appellate court."); Jersey City Redev. Agency v. The Mack Props. Co. 3, 280 N.J. Super. 553, 562 (App. Div. 1995) ("It is the peremptory duty of the trial court, on remand, to obey the mandate of the appellate tribunal precisely as it is written."). We thus are constrained to remand again for the PCR court to make additional findings as explicitly required by our prior PCR opinion.

We offer no opinion at this point on defendant's contention that the PCR court erred with respect to the fourth Barker factor by failing to consider oppressive incarceration and anxiety attributable to unresolved charges as prejudice affecting defendant. The PCR court shall as appropriate revise or amplify its analysis of the Barker factors, accounting for its additional findings. Relatedly, we offer no comment at this juncture on defendant's contention that

5

the PCR court should have held an evidentiary hearing on his ineffective assistance of counsel claim.

Finally, we note that the State's appeal brief includes a bullet point list of the periods of delay (State's Br. 29-32, Jan. 17, 2025).[3] That type of submission should prove helpful to the PCR court in complying with our remand instructions. We therefore direct both parties to provide their appellate submissions to the PCR court. The court may require the parties to provide additional submissions to facilitate its remand task of cataloging and discussing each discrete period of delay. The remand is to be completed within ninety days. We retain jurisdiction.

Remanded for further proceedings.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[3] We offer no opinion on whether that list is accurate and complete.

A-2168-23